15-1153
*Mohabir v. Lynch*

BIA
Videla, IJ
A087 336 756

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
          RICHARD C. WESLEY,
          CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

_____

OWSHADRAM MOHABIR, AKA Mohabir
Owshadram,

                    *Petitioner*,

          v.                                                    15-1153

LORETTA E. LYNCH, United States
Attorney General,

                    *Respondent*.

_____

FOR PETITIONER:     Andrew W. Schilling, Megan E. Whitehill,
            BuckleySandler LLP, New York, NY.

FOR RESPONDENT:    Benjamin C. Mizer, Principal Deputy
            Assistant Attorney General; Michelle G.
            Latour, Deputy Director; Victor M.
            Lawrence, Senior Litigation Counsel, Office
            of Immigration Litigation, United States
            Department of Justice, Washington, D. C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Owshadram Mohabir, a native and citizen of Guyana, seeks review of a March 20, 2015, decision of the BIA affirming the December 5, 2014, decision of an immigration judge ("IJ") ordering his removal. *In re Owshadram Mohabir*, No. A087 336 756 (B.I.A. Mar. 20, 2015), *aff'g* No. A087 336 756 (Immig. Ct. N.Y. City Dec. 5, 2014). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Mohabir challenges the IJ's denial of cancellation of removal under 8 U.S.C. § 1229b(b). Specifically, he argues that the IJ erred by concluding that his

2011 federal conviction prevented him from establishing good moral character.

He contends that § 1229b(b)(1)(B) requires good moral character for 10 years

*preceding* the filing of an application; therefore, the IJ and the BIA erred in relying

on his 2011 conviction because it occurred *after* he applied for cancellation.   The

Government responds that Mohabir did not exhaust this argument before the

BIA.   In the alternative, the Government contends that even if Mohabir's

argument was properly exhausted, the Court should defer to the BIA's

interpretation of § 1229b(b)(1)(B) set forth in *Matter of Ortega-Cabrera*, 23 I. & N.

Dec. 793 (BIA 2005).

    We have reviewed both the IJ's and the BIA's decisions, *see Wangchuck v.

Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), and we agree with the

Government that Mohabir failed to exhaust his request for cancellation of

removal and the specific issue he seeks to raise before this Court.[1]

I.    **Statutory Exhaustion**

    An alien must exhaust his administrative remedies before seeking review

of an agency order in this Court.   8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of*

---

[1] Judge Droney would find that Mohabir exhausted his request for cancellation of
removal.

*Justice*, 480 F.3d 104, 118 (2d Cir. 2007). This requirement is jurisdictional with respect to taking an appeal to the BIA and raising categories of relief on appeal. *Lin Zhong*, 480 F.3d at 118; *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Although Mohabir appealed to the BIA, as discussed below, because he did not raise cancellation of removal in that appeal, we lack jurisdiction to consider his petition. *See Karaj*, 462 F.3d at 119.

Mohabir did not challenge the IJ's conclusion that his 2011 conviction barred him from cancellation either during his proceedings before the IJ or on appeal to the BIA. Neither his letter brief nor documentation filed before the BIA mentioned cancellation of removal or good moral character, and the BIA did not reach the issue, instead concluding that Mohabir did not "meaningfully dispute" the moral character determination.

We agree with the Government that Mohabir failed to exhaust his request for cancellation of removal. *Karaj*, 462 F.3d at 119 (dismissing a claim for relief under the Convention Against Torture for lack of jurisdiction because it was not raised on appeal to the BIA). Mohabir's arguments to the contrary must fail. His request that we excuse his failure to exhaust based on *Lin Zhong* is misplaced

4

because that case holds that courts "may excuse non-jurisdictional exhaustion requirements" when the Government fails to affirmatively raise exhaustion. *Lin Zhong*, 480 F.3d at 123. Here, the requirement is jurisdictional and the Government affirmatively argues that Mohabir failed to exhaust.

Mohabir also contends that, liberally construed, his brief to the BIA raised his cancellation claim. The cases he cites in support of his position are inapposite. In *Adams v. Holder*, 692 F.3d 91, 97 n.2 (2d Cir. 2012), we considered a petitioner's *pro se* status in ruling that he had sufficiently exhausted an issue before the BIA. In that case, however, we emphasized the fact that the BIA had adjudicated the issue. Here, the BIA affirmed the IJ's denial of cancellation of removal because Mohabir had not challenged it. Similarly, *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994), does not excuse the lack of exhaustion: it also provides that an issue will be deemed exhausted if the agency explicitly addresses it.

## II. Issue Exhaustion

This Court generally requires a petitioner to raise before the agency the issues he later raises in this Court. *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004)

("To preserve a claim, we require petitioner to raise issues to the BIA in order to preserve them for judicial review." (emphasis in original) (citation and internal quotation marks omitted)). In addition, a petitioner must raise before the IJ the challenges he wishes to appeal to the BIA. *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (noting that "the BIA may refuse to consider an issue that could have been, but was not, raised before an IJ," and "this Court's review is limited to whether the BIA erred in deeming the argument waived"). Although not jurisdictional, issue exhaustion is mandatory and denial of the petition would be appropriate if Mohabir did not raise the good moral character ruling on appeal to the BIA. *Lin Zhong*, 480 F.3d at 107.

Mohabir did not exhaust the specific issue he raises in this Court: namely, that his 2011 conviction should not have been considered by the IJ in determining whether he established good moral character for cancellation of removal. Mohabir never argued before the IJ that his 2011 conviction fell outside the relevant "good moral character" time period. *See* Certified Administrative Record at 121–171 (hearings before IJ). The IJ first indicated he would deny Mohabir's cancellation application based on the 2011 conviction in

July 2014, and Mohabir had ample time to challenge this finding before the IJ issued an oral decision in December 2014. *Id.* at 117–18 (July 2014 Hearing); 167 (Dec. 2014 Hearing, Oral Dec.). Further, neither his letter brief to the BIA nor his attached documents referenced "cancellation of removal" or "good moral character." *Id.* at 17–83. His brief asked the BIA to consider documents "to see the reason for this appeal" and described Mohabir's 2011 conviction by identifying the statute and discussing the calculation of his sentence. *Id.* at 17. He attached over sixty pages of documentation, ranging from documents from his federal criminal proceedings to information on his immigration status in Canada. *Id.* at 17–83. Read liberally, the documents challenged the basis for his removal—entry without inspection—not the denial of cancellation based on moral character. *Id.* The BIA reasonably determined that Mohabir did not "meaningfully dispute that . . . he is unable to demonstrate the good moral character needed to be granted cancellation of removal." *Id.* at 2. Thus, Mohabir failed to exhaust the issue of whether his 2011 conviction was properly considered by the IJ in making an assessment of "good moral character."

### III. Purely Legal Claim

Finally, Mohabir argues that we may consider an unexhausted claim where, as here, it is a "purely legal" claim. We have held that "the judicial exhaustion doctrine"—that is, exhaustion that is mandatory, but not jurisdictional—"would not bar consideration of a specific, subsidiary legal argument, particularly one that is purely legal and falls outside the INS's traditional area of expertise." *Gill v. INS*, 420 F.3d 82, 86-87 (2d Cir. 2005) (emphasis omitted). Because Mohabir failed to raise any challenge to either the denial of cancellation of removal or to the good moral character finding, his failure to exhaust is jurisdictional and cannot be excused. *Karaj*, 462 F.3d at 119. Moreover, because of this complete failure to exhaust, it cannot be said that he now raises a "subsidiary legal argument" or "argument by extension." *Gill*, 420 F.3d at 86–87.

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8