Medel Corona v. Barr

BIA
Loprest, IJ
A088 442 425

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

IVAN MEDEL CORONA,
> *Petitioner,*

v.                                          17-3351
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Charles Christophe, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Terri J.
                           Scadron, Assistant Director;
                           Manuel A. Palau, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ivan Medel Corona, a native and citizen of Mexico, seeks review of a September 20, 2017 decision of the BIA affirming an August 22, 2016 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ivan Medel Corona,* No. A088 442 425 (B.I.A. Sept. 20, 2017), *aff'g* No. A088 442 425 (Immig. Ct. N.Y. City Aug. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Asylum: One-Year Filing Deadline

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of

the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application may be considered outside the one-year deadline, however, "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed within a reasonable time, 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5). Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing the untimeliness is limited to "constitutional claims or questions of law." *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Medel Corona does not raise a colorable constitutional claim or question of law regarding the agency's pretermission of asylum. He concedes that his application was untimely, as he entered the United States in 2003 and did not file for asylum until 2011. He argues that his parents' arrests in 2007 constituted a change in circumstances and that he filed for asylum within a reasonable time after the arrests. What is a reasonable time after a change in circumstances is a fact-specific inquiry. *See Matter of T-M-H- & S-W-C-*, 25 I. & N. Dec. 193, 193 (B.I.A. 2010) ("Although there may be some

3

rare cases in which a delay of one year or more may be justified because of particular circumstances, in most cases such a delay would not be justified."). The agency found that, assuming the arrests were a changed circumstance, Medel Corona's three-year delay after the arrests was not reasonable. The agency rejected Medel Corona's explanation that he "had other legal issues that . . . took precedence." Certified Administrative Record ("CAR") at 15. His challenge to the agency's determination that this was not a reasonable delay "merely quarrels over the correctness of the factual findings" relating to his specific circumstances and does not raise a question of law. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, we lack jurisdiction to further review the denial of asylum as untimely. *See* 8 U.S.C. § 1158(a)(3).

Withholding of Removal

For withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying "one central reason" standard to withholding). Medel Corona

4

claims withholding of removal based on imputed political opinion and his membership in the "quasi social group" of the "biological son of a man whose wife is an influential member of [the Partido Revolucionario Institucional ("PRI")]." Petitioner's Br. at 12, 14. We find no error in the agency's denial of withholding of removal.

To demonstrate that past persecution or a fear of persecution is on account of political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's* political belief," rather than merely by the persecutor's *own* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). The persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005).

The agency reasonably concluded that Medel Corona did not demonstrate that the men who harassed and beat him at the direction of his biological father's wife did so on account of his actual or imputed anti-PRI political opinion. The record supports the agency's conclusion that Medel Corona's biological father's wife, though she was politically

5

connected, harmed Medel Corona for personal reasons. Medel Corona did not testify that he had any political views or that he was opposed to the PRI. The men who harassed and attacked Medel Corona never mentioned the PRI or politics; they only disparaged his family and told him to stay away from his biological father. Without any direct or circumstantial evidence that the men targeted him or would target him on account of his political opinion, imputed or otherwise, the BIA did not err in finding that he failed to establish his eligibility for withholding on that ground. *See Yueqing Zhang*, 426 F.3d at 545.

To the extent Medel Corona's social group claim is distinct from his imputed political opinion claim, he did not argue his social group claim before the IJ. Accordingly, the BIA properly deemed it waived on appeal and did not consider it. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (per curiam) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ.").

CAT Protection

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). CAT relief does not require a

6

nexus to a protected ground. *See id.* "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Medel Corona argues that because he was beaten at the instigation of "his biological father's wife who is an influential [PRI] member," it logically follows that he will be tortured "with the acquiescence of the current Mexican government." Petitioner's Br. at 16–17. This claim is more speculative than logical, as it is undermined by Medel Corona's testimony that when he reported his first attack to the police, they were responsive and said they would look for his assailants. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that "[i]n the absence of solid support in the record" for a claim of future persecution, an applicant's "fear is speculative at best"). Though the police were unsuccessful in preventing a second attack, the failure did not appear to be the result of acquiescence, and Medel Corona conceded that he never followed up with the police about their efforts to find his

7

attackers.  *Cf. Khouzam*, 361 F.3d at 171 ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").  The generalized evidence of government and police corruption and the PRI's power in Mexico, without more, did not establish that Medel Corona will more likely than not be tortured with the consent or acquiescence of the Mexican government.  *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) ("[W]hile Wang's testimony as well as some of his 'country conditions' documents indicate that some prisoners in China have been tortured, Wang has in no way established that someone in his particular alleged circumstances is *more likely than not* to be tortured if imprisoned in China." (citation omitted)); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).  Absent particularized evidence that the authorities would acquiesce to Medel Corona's torture, the agency did not err in denying CAT relief.  *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (per curiam) ("[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely

8

than not to occur." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006))).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part as to withholding of removal and CAT relief. As we have completed our review, Medel Corona's pending motion for a stay of removal in this petition is DISMISSED as moot.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```