Macas-Moreno v. Garland

BIA
Straus, IJ
A208 368 055

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

———————————————————————

ROBER VINICIO MACAS-MORENO,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

———————————————————————

18-3507
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Gregory Osakwe, Esq., Hartford, CT. |
| **FOR RESPONDENT:** | Daniel E. Goldman, Senior Litigation Counsel, Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, |

———————————————————————

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rober Vinicio Macas-Moreno, a native and citizen of Ecuador, seeks review of a November 1, 2018 decision of the BIA affirming a September 8, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rober Vinicio Macas-Moreno,* No. A208 368 055 (B.I.A. Nov. 1, 2018), *aff'g* No. A208 368 055 (Immig. Ct. Hartford Sept. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial and to stay briefing. Rather than determine if the petition is frivolous, as required for summary denial, *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995), we construe the Government's motion as a brief and deny the petition on the merits.

Under the circumstances of this case, we have reviewed

both the IJ's and BIA's decision "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law de novo).

Asylum and Withholding of Removal

The agency did not err in finding that Macas-Moreno failed to establish a nexus between his alleged harm and a statutorily protected ground. In order to establish eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). "A particular social group cannot be defined exclusively by the

3

claimed persecution, . . . it must be recognizable as a discrete group by others in the society, and . . . it must have well-defined boundaries." *Id*. at 232 (internal quotation marks and citation omitted).

Macas-Moreno did not assert either before the IJ or the BIA that his harm occurred on account of any protected ground. Before the IJ, he essentially conceded that there was no protected ground and stated that he would focus on his CAT claim. Before the BIA, he alleged that he was a member of a particular social group, but did not identify what the group was or explain how it met the requirements for a particular social group. He now asserts that he is a member of the particular social group in Ecuador of potential witnesses against police officers. He has not explained, however, how such a group is cognizable, i.e., that Ecuadorian society perceives witnesses as a group, nor did he exhaust such arguments before the agency. Accordingly, we decline to address this issue further. It is dispositive of his claims for asylum and withholding of removal. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007) (describing issue exhaustion as "mandatory"); *see also Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015)

4

(holding that "where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised before the IJ, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review" (internal quotation marks and brackets omitted)).

CAT

To be eligible for CAT relief, an applicant must show "that it is more likely than not" that he will be tortured in his country of removal. 8 C.F.R. § 1208.16(c)(2). Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground. *See id.*

Torture is defined for purposes of CAT as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The agency must consider "all evidence relevant to the possibility of future torture," including: "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross,

5

flagrant, or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(i)–(iv).

The agency reasonably determined that Macas-Moreno did not establish that if removed to Ecuador he would more likely than not suffer future harm amounting to torture. His stated fear was based on two past assaults, in 2015. Although he was severely beaten in the first incident, he was only pepper sprayed and kicked in the second, in Cuenca, and the police officers did not follow through on any threats against him or his family thereafter. Macas-Moreno did not provide any evidence that the police officers remain interested in him or any evidence that they approached his family in the two years since the incident in Cuenca. *Cf. Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear is "speculative at best."). Accordingly, the agency did not err in finding that he failed to show that he would "more likely than not" suffer harm constituting torture if removed to Ecuador. *See* 8 C.F.R. §§ 1208.16(c)(2) (placing burden on applicant to show torture is "more likely than not" to occur), 1208.18(a)(2), (4) (defining torture as "extreme form of

6

cruel and inhuman treatment" that "does not include lesser forms of cruel, inhuman or degrading treatment" and requiring, in relevant part, "severe physical pain and suffering" or "threat of imminent death"); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7