Huang v. Holder

BIA
Balasquide, IJ
A099 432 640

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand thirteen.

PRESENT:

> ROSEMARY S. POOLER,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

XIANG JIAN HUANG,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-2993-ag
NAC

_____

FOR PETITIONER:     Yee Ling Poon, Robert Duk-Hwan Kim,
New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney
General; Ernesto H. Molina, Jr.,
Assistant Director; Sheri R. Glaser,
Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Jian Huang, a native and citizen of the People's Republic of China, seeks review of a June 30, 2011, decision of the BIA affirming the September 23, 2009, decision of Immigration Judge ("IJ") Javier E. Balasquide, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Jian Huang*, No. A099 432 640 (B.I.A. Jun. 30, 2011), *aff'g* No. A099 432 640 (Immig. Ct. New York City Sept. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Huang had a full and fair opportunity to raise a claim based on his practice of

2

Christianity before the IJ, and he failed to do so.  His September 2009 hearing was conducted roughly nine months following what he asserts was his conversion to Christianity.  At the hearing, after Huang finished testifying concerning his family planning claim, the IJ asked him whether there was anything else important to his case.  Huang responded only that he sometimes went to church and then his "memory becomes better."  CAR at 141-42.  Huang had ample opportunity to advance his religious persecution claim before the IJ, and logic dictates he could easily have done so when he spoke about going to church.  The BIA did not err in refusing to consider Huang's claim of religious persecution for the first time on appeal.  *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("the Board will not engage in factfinding in the course of deciding appeals.  A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand."); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (noting that it is not appropriate for the BIA to consider an issue not raised before an IJ for the first time on appeal); *Matter of Edwards*, 20 I. & N. Dec. 191, 196-97 n.4 (BIA 1990) (an alien may not raise a claim on appeal that he failed to raise in a prior hearing before the IJ).

Turning to Huang's family planning claim, Huang does not challenge the agency's determination that he did not suffer past persecution.  Absent a showing of past persecution, therefore, an applicant seeking asylum must demonstrate that he has a well-founded fear of future persecution if returned to the country of removal, 8 C.F.R. § 1208.13(b)(2)(A); that is, Huang must show that he subjectively fears persecution and that this fear is objectively reasonable.  *See Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardozo-Fonseca*, 480 U.S. 421, 431 (1987)).  Although Huang testified that family planning officials twice threatened him with sterilization, he also conceded that despite those threats, he remained unharmed.  It was not unreasonable, therefore, for the agency to have rejected as speculative Huang's assertion that he will be sterilized if removed to China on the basis that this time family planning officials "really" mean it. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").  In reaching its determination, moreover, the agency reasonably relied not only on the fact of the prior unfulfilled threats, about which Huang testified, but also

4

on lack of any corroborating documentation. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats").

The agency having reasonably concluded that Huang failed to establish a well-founded fear of persecution if returned to China, it did not err in denying asylum or withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We note that Huang does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5