Prabhudial v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2014

(Submitted: January 29, 2015     Decided: March 12, 2015)

Docket No. 14-4574

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Drabindranauth Prabhudial, a/k/a Chris
Sukhan, a/k/a Drabindranuth Sukhan, a/k/a
Drabindran Sukhan, a/k/a Drabindranuth
Sukman, a/k/a Drabindran Prabhudial, a/k/a
Chris Prabhadial,

Petitioner,

- v.-

Eric H. Holder, Jr., United States Attorney
General,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Before:          JACOBS, WESLEY and CARNEY, Circuit Judges.

Petitioner, Drabindranauth Prabhudial, sought review of the November 13,

2014 order of the Board of Immigration Appeals, which affirmed the immigration

judge's determination that Prabhudial's conviction for fifth-degree criminal sale

of a controlled substance under New York Penal Law § 220.31 was an aggravated

felony, rendering him ineligible for cancellation of removal.  Prabhudial also

sought a stay of removal. By an order dated January 29, 2015, we dismissed the petition for review for lack of jurisdiction and dismissed as moot Prabhudial's motion for a stay of removal. This opinion followed.

STEPHEN K. TILLS, Orchard Park, N.Y., for Petitioner.

NEELAM IHSANULLAH (with Joyce R. Branda, Jennifer Williams, Anthony Cardozo Payne), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PER CURIAM:

Drabindranauth Prabhudial, a citizen of Guyana, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming Immigration Judge Steven J. Connelly's (the "IJ") finding that Prabhudial had been convicted of an aggravated felony and was therefore removable and ineligible for cancellation of removal. The BIA concluded that Prabhudial waived his primary argument by failing to raise it before the IJ. Prabhudial moves for a stay of removal pending appeal. The Government moves to dismiss Prabhudial's petition for review for

2

lack of jurisdiction. On the issue presented, we hold that the BIA may apply the doctrine of waiver to matters not raised before an IJ. The Government's motion is granted and the petition is dismissed. Prabhudial's motion for a stay of removal is denied as moot.

## BACKGROUND

Prabhudial was admitted to the United States as a legal permanent resident in 1983. In 2012, he was placed in removal proceedings by service of a Notice to Appear charging him with removability under Immigration & Nationality Act § 237(a)(2)(A)(iii), (a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(A)(iii), (A)(2)(B)(i), by reason of three New York State criminal convictions: two for seventh-degree possession of a controlled substance, N.Y. Penal L. § 220.03, and one for fifth-degree criminal sale of a controlled substance, N.Y. Penal L. § 220.31. Prabhudial appeared before an IJ in July 2012, conceded his convictions, and was found removable as an alien having been convicted of a controlled substance violation (the possession convictions), and a drug trafficking aggravated felony (the sale conviction). The BIA affirmed the decision in October 2012, but reopened and remanded the proceedings in January 2013, after Prabhudial demonstrated that his sale

3

conviction had been vacated. Later that month, an IJ found that Prabhudial was eligible for cancellation of removal, and in his discretion granted Prabhudial such relief.

In April 2014, after the previously vacated sale conviction was reinstated, Prabhudial was served with a second Notice to Appear, alleging the same charges of removability. Prabhudial appeared before an IJ (through current counsel), admitted to the factual allegations in the Notice to Appear, and conceded removability for the controlled substance convictions. He denied that he was removable by virtue of having been convicted of an aggravated felony, arguing that a case then pending before the New York Court of Appeals, if decided favorably, would give him grounds to again seek vacatur of his sale conviction. The IJ ruled that the sale conviction was an aggravated felony, and sustained the charges of removability.

On appeal to the BIA, Prabhudial raised a new argument: that the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), prohibited the agency from using the modified categorical approach to determine whether his sale conviction was an aggravated felony. The BIA concluded that

4

Prabhudial had waived this argument by failing to raise it before the IJ.  His

petition for review presses the same argument.

## DISCUSSION

Although this Court lacks jurisdiction to review a final order of removal

against an alien removable by reason of an aggravated felony, see 8 U.S.C.

§ 1252(a)(2)(C), we retain jurisdiction to review constitutional claims or questions

of law, see id. § 1252(a)(2)(D).  Prabhudial's petition for review raises a question

of law: whether the agency had to apply the "categorical approach" to statutory

interpretation to determine whether fifth-degree sale of a controlled substance

ranks as an aggravated felony.  See Pascual v. Holder, 707 F.3d 403, 404 (2d Cir.

2013).  The BIA deemed this argument waived because Prabhudial had not raised

it before the IJ.  We must now decide whether this question of law is before us.

Only the BIA's order is subject to our review, including the IJ's findings

and reasoning to the extent they were expressly adopted by the BIA.  See, e.g.,

Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).  If the BIA elects to

consider an argument that was not raised before an IJ, we can review the

argument.  Xian Tuan Ye v. Dep't of Homeland Sec., 446 F.3d 289, 296-97 (2d Cir.

2006); Waldron v. INS, 17 F.3d 511, 515 n.7 (2d Cir. 1994).  A distinct question is

whether the BIA may apply the doctrine of waiver to refuse to consider an argument that was not raised before an IJ. We have not decided the question, though we have said as much in unpublished summary orders. See, e.g., Xiang Jian Huang v. Holder, 526 F. App'x 100, 101 (2d Cir. 2013) (unpublished). BIA precedential opinions have held so as well. See, e.g., Matter of Jimenez-Santillano, 21 I. & N. Dec. 567, 570 n.2 (BIA 1996); Matter of Edwards, 20 I. & N. Dec. 191, 196-97 n.4 (BIA 1990). And every circuit court to have addressed the issue has so held. See Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 440 (8th Cir. 2008); Torres de la Cruz v. Maurer, 483 F.3d 1013, 1022-23 (10th Cir. 2007); Ocasio v. Ashcroft, 375 F.3d 105, 107-08 (1st Cir. 2004); Eduard v. Ashcroft, 379 F.3d 182, 195 n.14 (5th Cir. 2004). We agree with our sister circuits and conclude that "[w]here the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised [before the IJ], we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." Pinos-Gonzalez, 519 F.3d at 440.

The regulations governing the BIA state that it "shall function as an appellate body." 8 C.F.R. § 1003.1(d)(1). It is a basic rule of appellate review,

judicial or administrative, that the appellate body may conclude that an argument not advanced before a lower court has been waived. See, e.g., Okla. Tax Comm'n v. Chickasaw Nation, 515 U.S. 450, 457 (1995) ("As a court of review, not one of first view, we will entertain issues withheld until merits briefing only in the most exceptional cases." (internal quotation marks omitted)); In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132-33 (2d Cir. 2008) (per curiam) (concluding that a party "waived [an] argument by failing to present it below," but observing that this Court's "waiver doctrine is entirely prudential" and thus subject to exceptions); Matter of J-Y-C-, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) ("Because the [alien] failed to raise this claim below, it is not appropriate for us to consider it for the first time on appeal.").

Accordingly, the BIA may refuse to consider an issue that could have been, but was not, raised before an IJ. The BIA concluded that Prabhudial waived the argument that the categorical rather than the modified categorical approach applied to his sale conviction. Therefore this Court's review is limited to whether the BIA erred in deeming the argument waived. It did not; Prabhudial failed to raise the argument before the IJ, even though the case he relied on, Descamps, 133 S. Ct. at 2276, was decided before his final merits hearing.

Because the only question of law in Prabhudial's petition for review is not properly before us, we lack jurisdiction over the petition.  See § 1252(a)(2)(C); see also Higgins v. Holder, 677 F.3d 97, 100 (2d Cir. 2012) ("We retain jurisdiction . . . to review the legal question of whether a conviction underlying an order of removal, or the denial of relief from an order of removal, constitutes an aggravated felony.").

For the foregoing reasons, the petition for review is dismissed for lack of jurisdiction and Prabhudial's motion for a stay is denied as moot.