Sanchez-Ponce v. Whitaker

BIA
Kolbe, IJ
A208 283 836/837

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand eighteen.

PRESENT:
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

KAREN BEATRICE SANCHEZ-PONCE,
DAVID ALBERTO PACAS-SANCHEZ,
            *Petitioners,*

        v.                                    17-579
                                              NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONERS:          Anne Pilsbury, Central American
                          Legal Assistance, Brooklyn, NY.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; Anthony C.

Payne, Assistant Director; Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioners Karen Beatrice Sanchez-Ponce and her son, David Alberto Pacas-Sanchez, natives and citizens of El Salvador, seek review of a February 9, 2017, decision of the BIA affirming a September 8, 2016, decision of an Immigration Judge ("IJ") denying Sanchez-Ponce's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karen Beatrice Sanchez-Ponce, David Alberto Pacas-Sanchez,* Nos. A 208 283 836/837 (B.I.A. Feb. 9, 2017), *aff'g* Nos. A 208 283 836/837 (Immig. Ct. N.Y. City Sept. 8, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.

2006).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

**I.   Asylum and Withholding**

To demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1101(a)(42); *see also id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010).  Relief "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground."  *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks and citations omitted).  Sanchez-Ponce asserts that she is eligible for asylum and withholding of removal on the basis of political opinion and social group.  Both claims fail.

**A. Political Opinion**

To show persecution based on political opinion, the applicant must "show through direct or circumstantial

evidence" that the persecutor is motivated by the applicant's own political opinion or the persecutor's perception of the applicant's opinion, rather than merely by his own opinion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Sanchez-Ponce presented no evidence that she was expressing political opposition to the gang, or that gang members believed or perceived that her resistance to gang activities was a political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992)(holding that resistance to a rebel group may be for many reasons other than political opposition to the group); *Delgado v. Mukasey*, 508 F.3d 702, 707 (2d Cir. 2007)(holding that resistance to rebel group known for targeting political rivals was political opinion when petitioner "clearly viewed her flight as a refusal to cooperate" with the rebels and it was "reasonable to infer" that the rebels did as well); *Matter of E-A-G-*, 24 I. & N. Dec. 591, 596-97 (B.I.A. 2008) (holding that refusal to join gang, "without more, does not constitute a 'political opinion'" because refusal in and of itself does not express a political opinion). Nor did her report to the district attorney's office constitute a political opinion. *See*

4

*Yueqing Zhang*, 426 F.3d at 547-48 (holding that whistle-blowing may be political opinion when "when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime"). There is no indication in the record that Sanchez-Ponce reported the MS-13 leader for any reason other than protecting herself from rape or other harm.

**B. Social Group**

Sanchez-Ponce argues that she is eligible for asylum on the basis of social group. This claim is not properly before us because Sanchez-Ponce declined to press the claim before the IJ and the BIA found it waived. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015). When asked to clarify the grounds raised, Sanchez-Ponce's counsel responded that "the clearer basis is political opinion," failed to define the social group at issue, and then argued only political opinion in the closing argument.

**II. CAT Relief**

An applicant for CAT relief has the burden to show that she would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161,

5

168 (2d Cir. 2004). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). To show acquiescence, an applicant need only show "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171.

A government's inability to prevent torture—even when some state actors take "preventative efforts"—may be adequate to state a CAT claim. *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010). "Where a government contains officials that would be complicit in torture, and that government, on the whole, is admittedly incapable of actually preventing that torture, the fact that some officials take action to prevent torture would seem neither inconsistent with a finding of government acquiescence nor necessarily responsive to the question of whether torture would be inflicted" with the acquiescence of an official. *Id*.

6

We remand for further consideration of Sanchez-Ponce's CAT claim. She testified that an official at the district attorney's office refused to act on her report of the gang leader's threats and told her that she needed to hide or flee the country. She also testified that the gang leader arranged for her to be brought to prison, obtained expedited permission for her to be a prison visitor, and called her repeatedly on two different phones. She also points to country conditions evidence showing the power of the gangs, even in prison, and the pervasive corruption in El Salvador. Like *De La Rosa*, Sanchez-Ponce has offered evidence of widespread corruption and the Salvadoran government's inability to control the gangs, even when their leaders are imprisoned. 598 F.3d at 110. Neither the IJ or the BIA discussed this evidence, despite its relevance. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (requiring "certain minimum level of analysis . . . if judicial review is to be meaningful").

For the foregoing reasons, the petition for review is DENIED as to asylum and withholding of removal and GRANTED as to CAT relief, and the case is REMANDED to the BIA for further

proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```