Vivar Lliguin v. Rosen
BIA
Laforest, IJ
A206 445 168

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-one.

PRESENT:
      JOSÉ A. CABRANES,
      ROBERT D. SACK,
      WILLIAM J. NARDINI,
         *Circuit Judges.*

_____

MARIA OLGA VIVAR LLIGUIN,
      *Petitioner,*

      v.                          **18-3449**

                                         **NAC**

JEFFREY A. ROSEN, ACTING UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Michael Anthony Borja, Esq., Borja Law Firm P.C., Jackson Heights, NY.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting Assistant Attorney General; Keith I. McManus , Assistant Director;

Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Olga Vivar Lliguin, a native and citizen of Ecuador, seeks review of an October 31, 2018, decision of the BIA affirming an October 27, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Maria Olga Vivar Lliguin,* No. A 206 445 168 (B.I.A. Oct. 31, 2018), *aff'g* No. A 206 445 168 (Immig. Ct. N.Y. City Oct. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings

---

[1] Vivar Lliguin does not challenge the denial of her CAT claim.

for substantial evidence and questions of law, including whether a proposed particular social group is cognizable, de novo); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).  We find no error in the agency's decision.

An applicant for asylum and withholding of removal must establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1), (2).  A cognizable particular social group is one that has a "a common immutable characteristic," is "defined with particularity," and is "socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).  An "immutable characteristic" is one that members of the group cannot change or "should not be required to change because it is fundamental to their individual identities or consciences." *Matter of Acosta*, 19

3

I. & N. Dec. 211, 233 (B.I.A. 1985) (citing as examples sex, color, kinship ties, or shared past experiences, such as former military leadership or land ownership). A persecutor's perspective and the persecution itself may be indicators of a group, but "in determining particularity and social distinction what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception." *Paloka*, 762 F.3d at 196. The social group must have well-defined boundaries, and "must not be amorphous, overbroad, diffuse, or subjective." *Id.*

Before the IJ, Vivar Lliguin defined her proposed social group as "individuals that are resisting gang membership or who are protecting individuals who are resisting gang membership." The agency did not err in determining that this group was not cognizable. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("[A] well-founded fear of persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground."); *Matter of S-E-G-*, 24 I. & N. Dec. 579, 586-88 (B.I.A. 2008) (concluding that Salvadoran youths who resist gang recruitment are not a cognizable social group

4

because they do not share recognizable and discrete attributes). This initial proposed group covered large swaths of the population, including any young person who resisted joining a gang and any family, member, friend, or member of the community who in any way tried to protect such individuals. Accordingly, IJ did not err in finding the proposed group too amorphous. Vivar Lliguin does not contest this conclusion on appeal.

Vivar Lliguin instead argues that the narrower social group that she articulated before the BIA—mothers of prospective gang members—is cognizable. The BIA was not required to consider this narrower formulation because Vivar Lliguin failed to raise it before the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015). Moreover, Vivar Lliguin's argument is misplaced. She relies on *Matter of L-E-A-*, 27 I. & N. Dec. 40 (B.I.A. 2018) to argue that family membership can be a sufficient basis for feared persecution, without a nexus to an additional protected ground. However, the Attorney General reversed *Matter of L-E-A-* in part, emphasizing that "an alien's family-based group will not constitute a particular social group unless it has been shown

to be socially distinct in the eyes of its society, not just those of its alleged persecutor." *Matter of L-E-A-*, 27 I. & N. Dec. 581, 582 (B.I.A. 2019). This holding is consistent with the rule that it is society's perception, not only the perception of the persecutor, which determines whether a group is socially distinct. *Paloka*, 762 F.3d at 196. Vivar Lliguin did not present evidence that her family or mothers of prospective gang members are socially distinct in the eyes of Ecuadorian society.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6