Nazarov v. Garland

BIA
Segal, IJ
A206 472 861/862

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-one.

PRESENT:
>JOSÉ A. CABRANES,
>GERARD E. LYNCH,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

_____

ABDISAMI KHAMIDOVICH NAZAROV,
ROKHILA JURAEVA,
>*Petitioners*,

>v.                                          19-2518
>                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONERS:                Tatiana S. Aristova, Esq.,
                                Khavinson & Associates, P.C.,
                                Plainsboro, NJ.

FOR RESPONDENT:                 Brian Boynton, Acting Assistant
                                Attorney General; Erica B. Miles,

Senior Litigation Counsel; Imran R. Zaidi, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Abdisami Khamidovich Nazarov and Rokhila Juraeva, natives and citizens of Uzbekistan, seek review of a July 24, 2019, decision of the BIA affirming a January 17, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdisami Khamidovich Nazarov and Rokhila Juraeva*, Nos. A206 472 861/862 (B.I.A. July 24, 2019), *aff'g* Nos. A206 472 861/862 (Immigr. Ct. N.Y. City Jan. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not

err in finding that Petitioners failed to establish their eligibility for asylum, withholding of removal, and CAT relief based on their claims that Uzbek officials confiscated merchandise from one of their stores on account of Nazarov's political opinion and would detain and harm them in the future on account of that opinion and their violation of Uzbek exit visa regulations, and that a private lender would harm them on account of an outstanding debt.

Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i), (2). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). For economic harm to constitute persecution, "an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." *Guan Shan*

3

*Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (internal quotation marks omitted); *see also Huo Qiang Chen v. Holder*, 773 F.3d 396, 407 (2d Cir. 2014) ("economic persecution occurs only when a person is deprived of the necessities of life or rendered impoverished"); *In re T-Z-*, 24 I. & N. Dec. 163, 170–73 (B.I.A. 2007).

The agency did not err in finding that Petitioners failed to establish past persecution. They did not allege physical mistreatment and "threats of persecution, no matter how credible, do not demonstrate past persecution." *Huo Qiang Chen*, 773 F.3d at 406. Although government officials confiscated some of Petitioners' merchandise, Petitioners did not demonstrate a severe financial disadvantage given that they continued to operate several stores after the goods were confiscated. *See id.; Guan Shan Liao*, 293 F.3d at 70. Because Petitioners did not demonstrate past persecution, they were not entitled to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1).

The agency did not err in concluding that Petitioners failed to establish a well-founded fear that Uzbek officials would persecute them in the future based on either Nazarov's political opinion or their violation of exit visa laws.

4

Other than confiscating merchandise, Petitioners did not assert that officials threatened to physically harm them, they admitted that they continued to own a couple of stores for years after these accusations, and they admitted that officials took no other actions against them before they left the country using government-issued exit visas more than one month after the confiscation. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country). As for their assertion that the Uzbek government would detain them for failing to renew their exit visas while in the United States, the agency did not err in concluding that, without more, such action would constitute prosecution under Uzbek law rather than persecution. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("Punishment for violation of a generally applicable criminal law is not persecution.").

The agency also did not err in concluding that

Petitioners failed to establish a well-founded fear that their private lender would persecute them on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). As the agency concluded, Petitioners' fear was on account of a personal financial dispute rather than a protected ground given Nazarov's testimony that the lender threatened him only because of his outstanding debt. *See id*. Nazarov asserted for the first time before the BIA that the lender targeted him on account of his membership in the protected social group of "delinquent borrowers who owe money to private lenders," but the BIA reasonably declined to consider that social group claim in the first instance. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ.").

Petitioners' failure to demonstrate past persecution or a well-founded fear of persecution on account of a protected ground was dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

CAT Relief

Contrary to the Government's argument that Petitioners

have abandoned their CAT claim, they challenge the agency's denial of CAT in their brief. To obtain CAT relief, they had to show that it is "more likely than not" that they will be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). Unlike asylum and withholding, CAT does not require a nexus to protected grounds. 8 C.F.R. §§ 1208.16(c), 1208.17. However, Petitioners' failure to establish a well-founded fear that government officials would persecute them for Nazarov's criticism of the government in the context of asylum and withholding is dispositive of CAT relief to the extent that claim is based on the same facts. *See Lecaj*, 616 F.3d at 119-20.

Insofar as Petitioners asserted a fear of torture for violation of Uzbekistan's exit laws, the fact that they may be prosecuted or imprisoned under those laws and evidence that some prisoners have been tortured is insufficient to establish that individuals "in [their] particular alleged circumstances [are] *more likely than not* to be tortured if imprisoned." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (explaining that evidence that some military deserters are imprisoned and evidence of some torture in Chinese prisons did not show that military deserters were

7

more likely than not to be tortured). Indeed, Petitioners' country conditions evidence does not establish that similarly situated individuals are tortured.

Finally, the agency did not err in concluding that Petitioners failed to establish a likelihood of torture based on their outstanding debt to a private lender. The lender threatened them once in 2013, and did not harm their daughter when he purportedly sought payment from her in 2017. On these facts, the agency was not compelled to find that Petitioners established that the lender will more likely than not torture them. *See Jian Xing Huang*, 421 F.3d at 129; *Melgar de Torres*, 191 F.3d at 313. Accordingly, the agency did not err in concluding that Petitioners failed to satisfy their burden of proof for CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8