Espinoza-Archipolla v. Garland

BIA
Thompson, IJ
A206 727 030

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

DUBAR IVAN ESPINOZA-ARCHIPOLLA,
> *Petitioner,*

v.                                                    20-837
                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Borja, Esq., Borja Law
                         Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Matthew B. George, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dubar Ivan Espinoza-Archipolla, a native and citizen of Ecuador, seeks review of a February 19, 2020, decision of the BIA affirming an April 9, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dubar Ivan Espinoza-Archipolla*, No. A206 727 030 (B.I.A. Feb. 19, 2020), *aff'g* No. A206 727 030 (Immigr. Ct. N.Y.C. Apr. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 523 (2d Cir. 2007). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo*. *See Paloka v. Holder*, 762

2

F.3d 191, 195 (2d Cir. 2014) ("Courts review *de novo* the legal determination of whether a group constitutes a 'particular social group' under the [Immigration and Nationality Act]."); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281–83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination); *Yanqin Weng v. Holder*, 562 F.3d 510, 513, 516 (2d Cir. 2009) (applying substantial evidence standard to CAT claim). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Our review is limited to claims exhausted before the agency and sufficiently argued here. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) ("usually . . . issues not raised to the BIA will not be examined by the reviewing court"); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (issues not raised in briefs normally will not be addressed on appeal). Espinoza-Archipolla has waived review of the agency's findings related to the particular social group he proposed to the agency by failing to specifically challenge those

findings, and he did not exhaust the amended social group that he now proposes. *See Lin Zhong*, 480 F.3d at 123; *Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7; *see also Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (concluding that BIA properly declined to "consider an issue that could have been, but was not, raised before [the] IJ" and declining to address claim in first instance). Accordingly, we deny Espinoza-Archipolla's petition as to asylum and withholding of removal.

As to CAT protection, substantial evidence supports the agency's denial of that claim. Espinoza had the burden to show that "it is more likely than not that he . . . would be tortured," 8 C.F.R. § 1208.16(c)(2), and that "government officials [would] know of or remain willfully blind to an act [of torture]," *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.18(a)(1). In determining whether torture is more likely than not, the agency considers past torture, country conditions, and whether the applicant could avoid torture by relocating within his home country. 8 C.F.R. § 1208.16(c)(3).

Here, while Espinoza-Archipolla's treatment by gang members was abhorrent, the agency reasonably concluded both that the harm he suffered did not rise to the level of torture and that he failed to establish that he could not relocate and avoid torture by gang members. *See* 8 C.F.R. §§ 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."), 1208.16(c)(3) (IJ considers past torture, possibility of relocation); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). Moreover, Espinoza-Archipolla's country conditions evidence reflecting a rise in drug trafficking was insufficient to demonstrate that gang members will likely single him out for torture and that government officials would acquiesce to that torture, particularly given evidence of the government's actions to combat that rise in criminality. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring showing that "someone in [applicant's] particular alleged

5

circumstances is more likely than not to be tortured" (emphasis omitted)); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" to support a CAT claim); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court