*Pomavilla-Zaruma v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of August, two thousand twenty-four.

PRESENT:
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

**Rosa Elvira Pomavilla-Zaruma**

*Petitioner,*

v.                                                                                    No. 20-3230

**Merrick B. Garland, United States Attorney General**

*Respondent.*

_____

**FOR PETITIONER:** Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:** Liza S. Murcia (Brian M. Boynton, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Melissa Neiman-Kelting, Assistant Director, W. Manning Evans, Senior Litigation Counsel, *on the briefs*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals (BIA) decision and petition for rehearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for rehearing is **GRANTED,** our prior decision is **VACATED**, and we **REMAND** the case for further proceedings consistent with this order.

Petitioner Rosa Elvira Pomavilla-Zaruma, a native and citizen of Ecuador, seeks review of an August 24, 2020 decision of the BIA affirming an August 29, 2018 decision of an Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Rosa Elvira Pomavilla-Zaruma*, No. A 206 506 589 (B.I.A. Aug. 24, 2020), *aff'g*

2

No. A 206 506 589 (Immig. Ct. N.Y. City Aug. 29, 2018).  After we issued our opinion in this matter, *Pomavilla-Zaruma v. Garland*, 81 F.4th 145 (2d Cir. 2023), the government petitioned for rehearing.  In that petition, the government argued that our application of circuit precedent impermissibly imposed judge-made procedural rules on the agency.  It also argued for the first time that this case should be remanded to the BIA because the agency failed to apply its own precedent.  We agree with the government that remand is warranted for the agency to apply its precedent properly in the first instance.  We therefore grant the government's petition on that basis, vacate our previous judgment, and issue the following order in this case.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.  Background

In May 2013, Pomavilla-Zaruma attempted to enter the United States without valid entry documents.  Border patrol agents apprehended her and, by her account, "started hitting [her] on the back with. . . something they carry on their belts."  Certified Administrative Record (CAR) at 145.  The following day, border patrol agents interviewed her.  When asked the "purpose for [her] entry

3

into the United States," she answered "[t]o reside and seek employment and continue my education." *Id*. at 135. When asked whether she feared persecution or torture if she was sent back to Ecuador, Pomavilla-Zaruma answered "[n]o." *Id.* at 136. She was placed in removal proceedings, conceded removability, and timely applied for asylum, withholding of removal, and relief under the Convention Against Torture.

The following year, in 2014, Pomavilla-Zaruma completed a credible fear interview where she alleged that a man in her home country, whom she identified by name, began pursuing her and trying to inappropriately touch her when she was a child, and that he began raping her when she was a teenager. She further alleged that the man had threatened her mother, that police would not protect her because she was indigenous, and that she could not relocate because indigenous people were not permitted to move freely in Ecuador.

The asylum officer asked Pomavilla-Zaruma whether she had indicated in her border interview that she was not afraid to return to Ecuador. She answered that she "couldn't really understand" the border patrol officer because "[m]ost of it was in English." CAR at 29. She also told the asylum officer about her experience entering the United States the day before the border interview,

4

explaining that she was "very scared" because "one officer had hit [her]." *Id.* The asylum officer then found Pomavilla-Zaruma to have a credible fear of persecution.

In 2018, Pomavilla-Zaruma testified before an IJ and echoed her claims from her credible fear interview. The government cross-examined Pomavilla-Zaruma about the border interview, specifically questioning why she had stated that she came to the United States for employment and education. She explained: "Well, to be honest with you, that day I was very nervous. I couldn't really understand much, and they were only talking in English." *Id*. at 123. The IJ expressed skepticism of that explanation, and Pomavilla-Zaruma's counsel responded that "she is somewhat confused and was confused at the time of the [border] interview." *Id*. at 129.

The IJ denied all relief because he found Pomavilla-Zaruma to be noncredible on two grounds. First, the responses she gave during the border interview about coming to the United States for employment and education and not fearing persecution were inconsistent with her later account of fleeing to the United States to escape persecution. Second, her testimony that the interview was conducted in English was "simply unbelievable" because the record of the

interview stated that it was conducted in Spanish and because border interviews are generally conducted in the interviewee's native language.   CAR at 88.

Pomavilla-Zaruma appealed to the BIA, which affirmed the IJ's credibility decision on similar grounds in 2020.   In addition to challenging the adverse credibility finding, Pomavilla-Zaruma claimed for the first time that the border interview record was improperly admitted into evidence at the IJ hearing.   The BIA rejected that argument as waived and also rejected it on the merits. Pomavilla-Zaruma timely petitioned this Court for review.

On August 30, 2023, we issued an opinion, *Pomavilla-Zaruma v. Garland*, 81 F.4th 145 (2d Cir. 2023), granting Pomavilla-Zaruma's petition and remanding to the BIA.   We held that the BIA correctly determined that Pomavilla-Zaruma waived any challenge to the admission of the border interview record.   However, we held that the agency failed to adequately consider the reliability of the border interview before relying on it to find her not credible, applying *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-82 (2d Cir. 2004), which sets out certain factors for evaluating the reliability of such interviews.

The government then filed its petition for rehearing, arguing that our application of *Ramsameachire* impermissibly imposed judge-made procedural

6

rules on the agency and overlooked intervening BIA precedent on the use of border interviews in credibility determinations in light of statutory amendments postdating *Ramsameachire*. The government noted—for the first time—that the agency in this case never applied that BIA precedent and requested a remand for the BIA to do so. We agree that the agency should apply its own precedent regarding the reliability of border interviews in the first instance and we remand for that purpose.

## II. The BIA's Failure to Address Its Precedent

We have consistently held that the agency is required to follow its own precedent, and we have remanded when it has failed to do so. *See Paucar v. Garland*, 84 F.4th 71, 87 (2d Cir. 2023); *Ojo v. Garland*, 25 F.4th 152, 168 (2d Cir. 2022). Here, as the government concedes, the agency in this case failed to address or apply *Matter of J-C-H-F-*, 27 I&N Dec. 211 (BIA 2018), which was directly relevant to its consideration of Pomavilla-Zaruma's interview and credibility. We therefore grant the government's request to remand for the agency to apply its own precedential opinion in considering Pomavilla-Zaruma's credibility. *See Ojo*, 25 F.4th at 168 ("[T]he agency's failure to follow its own precedent . . . requires remand[.]"); *cf. Singh v. U.S. Dep't of Justice*, 461 F.3d 290, 296 (2d Cir. 2006) ("[A]n

7

administrative agency must adhere to its own regulations.") (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)); 8 C.F.R. § 1003.1(g).

### III. Admission of the Border Interview Record

In addition, we again reject Pomavilla-Zaruma's argument that her border interview record was improperly admitted into evidence at her IJ hearing. When, as in this case, the BIA declines to consider an issue because it is waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). "[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ," *id.* at 555, and here, the BIA was correct as a factual matter that neither Pomavilla-Zaruma nor her counsel objected to the border interview record's admission. Therefore, the BIA did not err in deeming Pomavilla-Zaruma's evidentiary argument waived. Moreover, Pomavilla-Zaruma did not address the BIA's waiver finding in her petition to this Court and thereby abandoned any challenge to it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

\* \* \*

For the foregoing reasons, the government's petition for rehearing is **GRANTED,** our prior decision is **VACATED**, and we **REMAND** the case for

8

further proceedings consistent with this order. This panel retains jurisdiction to rule, if necessary, on the issues raised in a petition for review after the disposition of the remand. *See Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir. 2005) (retaining jurisdiction to decide issues on appeal following remand to the BIA); *cf. United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994) (retaining jurisdiction while remanding to the district court for supplementation of the record). Pomavilla-Zaruma may return the case to this Court by notifying the Clerk of the Court within thirty days of entry of a final BIA order on remand. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court