Chuquiana Tualiza v. Bondi

BIA
Ling, IJ
A220 996 273/274

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MAYRA PATRICIA CHUQUIANA
TUALIZA, LESLIE NICOLE CABUCO
CHUQUIANA,

> *Petitioners,*

> v.                              **23-7147**
>                                    **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

| | |
|---|---|
| **FOR PETITIONERS:** | Joshua Bardavid, Esq., New York, NY. |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mayra Patricia Chuquiana Tualiza and her daughter, natives and citizens of Ecuador, seek review of an August 21, 2023, decision of the BIA affirming a March 25, 2022, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. [1] *In re Mayra Patricia Chuquiana Tualiza, Leslie Nicole Cabuco Chuquiana,* Nos. A 220 996 273/274 (B.I.A. Aug. 21, 2023), *aff'g* Nos. A 220 996 273/274 (Immigr. Ct. N.Y.C. Mar. 25, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We refer primarily to Chuquiana Tualiza because her daughter does not advance a separate claim. We do not address relief under the Convention Against Torture because it has not been raised here.

2

We have reviewed the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).  We review factual findings for substantial evidence and questions of law and application of law to fact de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(a)–(b).  The nexus requirement is equally applicable to withholding of removal.  *See Quituizaca v. Garland*, 52 F.4th 103, 107 (2d Cir. 2022) ("Both [asylum and withholding of removal] require the applicant to establish a nexus between a statutorily protected ground . . . and the feared persecution.").  An applicant can obtain relief by showing past persecution, 8 C.F.R. § 1208.13(b)(1), or by showing either that "she would be singled out individually for persecution," 8 C.F.R. § 1208.16(b)(2) (withholding of removal), or "that there is a pattern or practice . . . of persecution of a group of persons similarly

3

situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 C.F.R. § 1208.13(b)(2)(iii) (asylum). A pattern or practice claim requires an applicant to demonstrate that the harm to a particular group "is so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A–M–*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005).

Before this Court, Chuquiana Tualiza argues that the agency was required to address whether there is a pattern or practice of persecution in Ecuador of individuals similarly situated to her and points to evidence of violence against women. The BIA found the pattern or practice claim waived because it was not argued before the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015).

We decline to reach Chuquiana Tualiza's sole argument on appeal because remand would be futile. The IJ denied relief—and the BIA affirmed—on the grounds that Chuquiana Tualiza failed to establish a nexus between a protected ground and her feared persecution—a dispositive finding for both asylum and withholding of removal. *Quituizaca*, 52 F.4th at 107. Chuquiana Tualiza makes no argument before this Court that this nexus determination was erroneous. Thus, even if this Court were to find that the BIA and IJ erred in not addressing a pattern or practice claim, asylum and withholding of removal would still be

4

denied for failure to establish nexus. "[W]hen the IJ articulates an alternative and sufficient basis for her determination," remand is futile, and this Court may affirm. *Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 107 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court