22-6138
Khadka v. Garland

BIA
Wright, IJ
A205 517 555

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

SANJIV KHADKA,
> *Petitioner,*

v.                                                                      22-6138
                                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Anthony J. Nardi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sanjiv Khadka, a native and citizen of Nepal, seeks review of a March 11, 2022 decision of the BIA affirming a September 12, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sanjiv Khadka*, No. A205 517 555 (B.I.A. Mar. 11, 2022), *aff'g* No. A205 517 555 (Immigr. Ct. N.Y.C. Sept. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish asylum, an applicant must demonstrate a well-founded fear of future persecution, which he may do either by (1) showing that he suffered past persecution, which triggers a rebuttable presumption of a well-founded fear of future persecution, or (2) showing directly that he has a well-founded fear of future persecution, independent of any past persecution. *See* 8 C.F.R. § 1208.13(b)(1), (2). But when an applicant fails to raise one of these theories before the agency, the agency may deem that theory waived and we will not consider it on appeal. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[W]here the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised [before the IJ], we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." (internal quotation marks omitted)). Here, Khadka alleged that, between 2002 and 2011, Maoists demanded that he leave the Nepali Congress Party and join them, threatened to kill him if he did not, and demanded money. At the close of Khadka's hearing, however, his counsel stated that the "case is based on [a] well-founded fear of

3

persecution," conceded that Khadka "wasn't physically harmed," and nowhere argued that the threats rose to the level of persecution. Certified Admin. Record at 133. On that basis, the IJ found that Khadka had not claimed past persecution, and the BIA thus deemed such a claim waived. Because Khadka does not challenge that finding of waiver, we need not consider whether Khadka suffered past persecution here. *See Prabhudial*, 780 F.3d at 555.

Absent a showing of past persecution, Khadka had the burden of proving a well-founded fear of future persecution to establish his claim for asylum or that he would "more likely than not" be persecuted to establish his claim for withholding of removal. 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2). In either case, Khadka was obliged to show either that he would be "singled out individually" for persecution or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. §§ 1208.13(b)(2)(iii), 1208.16(b)(2)(i), (ii). An applicant must "establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005), and may not establish a well-founded fear of persecution if he "could avoid persecution by relocating to another part of the applicant's country of nationality" when "under all the circumstances it would be reasonable

4

to expect the applicant to do so," 8 C.F.R. § 1208.13(b)(2)(ii); *see also* 8 C.F.R. § 1208.16(b)(2). "In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him . . . to relocate, unless the persecution is by a government or is government-sponsored." *Id*. §§ 1208.13(b)(3)(i), 1208.16(b)(3)(i).

The agency did not err in concluding that Khadka failed to establish an objectively reasonable fear of future persecution. Whether an applicant's fear is objectively reasonably "is largely dependent upon the context . . . he can establish for his claims through presentation of reliable, specific, objective supporting evidence." *Ramsameachire*, 357 F.3d at 178. Here, after the last threat in 2011, Khadka lived without issue in his hometown for three weeks and then in Kathmandu for another three months. And while Khadka argues that Maoists later attacked his family members because of his political opposition, they had no further contact with Maoists after they relocated within Nepal. *See* 8 C.F.R. § 1208.13(b)(3)(i) (placing burden on applicant to establish that relocation would be unreasonable).

Although Khadka attempts to establish a well-founded fear of political persecution based on the Maoists' later attacks on his wife and father, Khadka's

5

wife stated that her attackers were looking for money, and his father explained that the Maoists demanded money after he picked up his pension and asked him to join their "revolution" because he was a former solider. Certified Admin. Record at 259; *see also Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (noting that an applicant may prove persecution "if an applicant's family member was harmed as [a] means of targeting the *applicant* on some protected ground"). The country-conditions evidence relied on by Khadka is equally unavailing, as it reflects only isolated incidents of violence and other disruptions related to elections which are not sufficient to establish a pattern or practice of persecution of similarly situated individuals. *See Singh v. Garland*, 11 F.4th 106, 116 (2d Cir. 2021) ("[A]n applicant . . . cannot simply point to general country-conditions evidence without showing how that evidence compels the conclusion that a person in the applicant's particular circumstances would be unable to relocate to avoid persecution." (internal quotation marks omitted)).

In sum, the absence of evidence that Maoists continue to look for Khadka and his failure to establish that relocation would be unreasonable are fatal to his claims for asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. §§ 1208.13(b)(3)(i), 1208.16(b)(3)(i); *Singh*, 11 F.4th at 118.

6

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court