*Ajqui-Ajtzalam v. Garland*

BIA
Conroy, IJ
A209 341 059

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-four.

PRESENT:
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MIGUEL FEDERICO AJQUI-AJTZALAM,
> *Petitioner,*

v.                                                    **21-6599**
                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Zoey Jones, Brooklyn Defender Services,
                           Brooklyn, NY.

**FOR RESPONDENT:**　　　　　　　Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miguel Federico Ajqui-Ajtzalam, a native and citizen of Guatemala, seeks review of an October 13, 2021 decision of the BIA affirming a March 16, 2021 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miguel Federico Ajqui-Ajtzalam*, No. A209 341 059 (B.I.A. Oct. 13, 2021), *aff'g* No. A209 341 059 (Immigr. Ct. N.Y.C. Mar. 16, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

## A.　Scope, Standard of Review, and Burden of Proof

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

The issues before us related to asylum and withholding of removal[1] are Ajqui-Ajtzalam's arguments that (1) the BIA failed to consider his claim that his father persecuted him on account of his membership in the particular social group of his father's nuclear family, (2) indigenous residents of Santa Catarina, Guatemala threatened to kill him on account of his race and membership in the particular social group of indigenous men of Nahualá who work on native Nahualá land, (3) his proposed social group of indigenous people of Nahualá, Guatemala is cognizable, and (4) the agency should reconsider its discretionary denial of asylum given errors in its denial of asylum.

We review factual findings for substantial evidence and questions of law and the application of law to fact de novo. *See Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review a discretionary denial of asylum for abuse of discretion. *See* 8 U.S.C. § 1252(b)(4)(D) ("[T]he Attorney General's discretionary

---

[1] Ajqui-Ajtzalam failed to exhaust challenges both to the IJ's denial of humanitarian asylum and the IJ's dispositive finding that he failed to establish a likelihood of torture as required for CAT relief. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (holding that exhaustion of an issue before the BIA is mandatory).

judgment whether to grant [asylum]. . . shall be conclusive unless manifestly contrary to the law and an abuse of discretion."); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006).

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear or likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quoting 8 U.S.C. § 1101(a)(42)); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014).

At the outset, we note that this case was unnecessarily complicated by the agency. Ajqui-Ajtzalam proffered a significant number of theories for relief before the IJ. In turn, the IJ discussed every possible basis for denying those claims and created an additional social group not proffered by Ajqui-Ajtzalam.

4

Although the BIA attempted to simplify matters by declining to reach certain of the IJ's alternative findings, finding some claims waived, and affirming only the IJ's findings related to nexus to a protected ground, in doing so, it failed to address some findings without explanation, and some of those findings were the only dispositive basis remaining for certain claims. Despite the confusion created by the agency's decisions, the case is not a difficult one and, after parsing through the IJ's and BIA's findings, we conclude that those findings support the agency's ultimate decision to deny relief.

## B. Domestic Violence Claim

Ajqui-Ajtzalam argues that the agency failed to consider that his father persecuted him on account of his membership in his father's nuclear family. However, before the IJ, he never tied his father's domestic violence to that proposed social group,[2] and thus the IJ and BIA did not err in failing to consider that claim. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before

---

[2] He testified that his father targeted him when he attempted to stop his father from physically harming his mother, but he did not testify that his father targeted his brother; in contrast, he testified that residents of Santa Catarina targeted his whole family. Therefore, the IJ reasonably construed this social group as a basis for his claim that the residents of Santa Catarina targeted him.

an IJ."). Even if the claim had been raised and his proposed group deemed cognizable, remand would be futile because, as the agency found, any future harm by his father is no longer well-founded or likely because his father moved to the United States and remains here. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A) ("[A]n immigration judge . . . shall deny the asylum application of an alien found to be a refugee on the basis of past persecution if . . . [t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality."); *Naizhu Jiang v. Garland*, 18 F.4th 730, 735 (2d Cir. 2021) (finding remand futile despite errors in BIA's reasoning because BIA's conclusions were not wrong).

## C. Community Violence Claim

### 1. Past Persecution

"We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive," *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted), and have found that unfulfilled threats do not necessarily constitute past persecution, *see Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412–13 (2d Cir. 2006); *Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002). A threat may be sufficient to establish past

6

persecution if "an applicant . . . adduce[s] objective evidence that the threat was so imminent or concrete, or so menacing as itself to cause actual suffering or harm." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks and citations omitted).

Ajqui-Ajtzalam correctly argues that the BIA should have addressed the IJ's conclusion that the incident in which residents of Santa Catarina threatened him did not rise to the level of persecution because the BIA did not affirm the IJ's alternative corroboration finding. Nevertheless, that error does not require remand because we can confidently predict that the BIA would reach the same outcome on remand given the absence of testimony that the threat caused actual suffering or harm. *See Naizhu Jiang*, 18 F.4th at 735; *Scarlett*, 957 F.3d at 328; *Ci Pan*, 449 F.3d at 412–13.

2.  *Well-Founded Fear and Likelihood of Persecution*

An applicant for asylum and withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022). "To succeed on a particular social group claim, the

7

applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of h[is] membership in that group." *Paloka*, 762 F.3d at 195 (quotation marks and citation omitted). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases), . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca*, 52 F.4th at 114–15.

Ajqui-Ajtzalam argues that the agency erred in finding that he was not and would not be targeted on account of his race because his evidence established that the people of Santa Catarina indiscriminately target the Nahualá community and there is no evidence that they have targeted people of any race other than Nahualá. Setting aside the fact that the evidence establishes that Nahualá is a municipality rather than a race, the agency reasonably found that the evidence describes a centuries-old land conflict between two municipalities and does not mention race as a factor in the dispute. Indeed, the evidence states that the residents of Santa Catarina and Nahualá involved in the land dispute are indigenous members of the

8

same ethnicity who broke into two communities in the 1800s and who have continuously disputed ownership of a small piece of land since that time. Accordingly, the agency did not err in finding that Ajqui-Ajtzalam failed to demonstrate that he was or will be targeted on account of his race. *See id.*

The agency may have erred in finding that Ajqui-Ajtzalam's proposed group of indigenous people from Nahualá, Guatemala was not cognizable. Contrary to the agency's reasoning, the group was not based on a broad characteristic such as gender or age, but was narrowed by indigenous heritage and place of birth. Thus, the group shares an immutable characteristic, is defined with particularity, and is distinct within the society. *See Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991) ("A particular social group is comprised of individuals who possess some fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor—or in the eyes of the outside world in general."); *Matter of M-E-V-G-*, 26 I. & N. Dec. at 237; *cf. Perdomo v. Holder*, 611 F.3d 662, 668 (9th Cir. 2010) ("reject[ing] certain social groups as too broad . . . where [t]here is no unifying relationship or characteristic to narrow th[e] diverse and disconnected group" (quotation marks omitted)).

Even so, remand to determine whether Ajqui-Ajtzalam will be targeted

9

based on this proposed social group would be futile. The agency's finding that Ajqui-Ajtzalam was, or will be, targeted based on a centuries-long land conflict, rather than race, is dispositive of his indigenous-based social group claims. Indeed, the evidence establishes that Ajqui-Ajtzalam and the residents of Santa Catarina have the same indigenous status and ethnic heritage. In other words, Ajqui-Ajtzalam's claimed social group is incidental and tangential to the reason for the harm he alleges. *See Quituizaca*, 52 F.4th at 114–15; *Naizhu Jiang*, 18 F.4th at 735.

Because we find no basis for remand for the agency to reconsider eligibility for asylum and withholding of removal, we need not reach Ajqui-Ajtzalam's arguments regarding the IJ's alternative denial of asylum as a matter of discretion.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10