22-6398
Singh v. Garland

BIA
Loprest, IJ
A206 036 015

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

MANJINDER SINGH,
> *Petitioner,*

v.                                                                          **22-6398**

                                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Patrick Crowley, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Scott M. Marconda, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manjinder Singh, a native and citizen of India, seeks review of a July 27, 2022, decision of the BIA affirming a May 30, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manjinder Singh,* No. A206 036 015 (B.I.A. July 27, 2022), *aff'g* No. A206 036 015 (Immig. Ct. N.Y. City May 30, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to

2

the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness . . . , the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

As an initial matter, we do not reach Singh's challenges to the IJ's demeanor and corroboration findings because he failed to exhaust those issues before the BIA, and he does not challenge the BIA's determination that he waived review of those issues. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 n.2 (2d Cir. 2023)

3

(confirming that issue exhaustion is mandatory when raised by the Government); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (declining to "permit an end run around" the agency's waiver procedures "by addressing [an] argument for the first time in a petition for judicial review" (quotation marks omitted)). Regardless, as discussed below, the inconsistencies between Singh's application and testimony alone provide substantial evidence for the agency's conclusion that he was not credible as to his claim that he was twice assaulted by members of an opposing political party.

The agency reasonably relied on multiple inconsistencies between Singh's testimony and application regarding the alleged attacks and their aftermath. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

First, Singh's application and testimony were inconsistent about whether he was assaulted the first time Congress Party members approached him. His application reflects that, in November 2012, Congress Party workers threatened to kill him, punched him, and hit him with baseball bats on his legs and arms. But he testified that the first assault occurred "14 months" after he joined the Mann Party in November 2012, and that Congress Party members surrounded and threatened him, but did not beat him.

4

Second, his application and testimony were inconsistent about the aftermath of the first alleged assault. His application reported that he was beaten so severely that he was hospitalized and that the police refused to take a report or arrest his attackers. But as noted above, he testified that he was not beaten and, contrary to his application, he testified that he did not go to the police. Singh's explanation that he was testifying correctly did not resolve the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Third, Singh's application and testimony differed as to the second alleged attack. His application identified a second assault in March 2013, during which Congress Party members threatened to kill him if he did not join their party and broke his car window when he tried to flee, causing scratches to his arm from the broken glass. His application reflects that he chose not to go to the police because they were not helpful after the first attack. In contrast, he testified that Congress Party members surrounded his car and beat him with a baseball bat, causing internal injuries for which he was hospitalized, and that he reported the incident

to the police, who did nothing. Singh asserts that "[t]he IJ blatantly disregarded [his] explanations," but we do not require "an IJ expressly parse or refute on the record each and every one of a petitioner's purported explanations for testimonial inconsistencies or evidentiary gaps." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). And the record reflects that Singh testified inconsistently with a statement he signed less than a year before the hearing, and he was not responsive when asked if something had caused his memory to become significantly worse. In sum, Singh's excuse of a poor memory is insufficient to "demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi*, 430 F.3d at 80.

Finally, the agency reasonably relied on inconsistencies regarding whether Singh's family was harmed after he left India. Singh's application reported that his family notified him that police and Congress Party members came to the family home and beat Singh's father, and that Singh's father was arrested twice for failing to disclose where Singh was living. But Singh testified that his family only received a few threatening phone calls. His explanation—that he did not read the written statement—did not resolve the inconsistencies, and his assertion here that his testimony merely added detail to the claim stated in his application is

contradicted by the clear inconsistencies in his statements.

These multiple inconsistencies between Singh's application and testimony about the incidents of alleged persecution provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7