Lucero-Ortega v. Bondi

BIA
Ling, IJ
A220 996 861/862/863

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-five.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

BLANCA AZUCENA LUCERO-ORTEGA, EDWIN PATRICIO CURILLO-ZHICAY, JACOB STEVEN CURILLO-LUCERO,

> *Petitioners,*

> v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

24-457
NAC

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY. |
| | |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Blanca Azucena Lucero-Ortega, Edwin Patricio Curillo-Zhicay, and their minor son, natives and citizens of Ecuador, seek review of a February 9, 2024 decision of the BIA affirming a March 22, 2022 decision of an Immigration Judge ("IJ") denying their application for asylum and withholding of removal.[1] *In re Blanca Azucena Lucero-Ortega, et al.*, No. A220 996 861/862/863 (B.I.A. Feb. 9, 2024), *aff'g* No. A220 996 861/862/863 (Immig. Ct. N.Y. City Mar. 22,

---

[1] We do not address Lucero-Ortega's claim under the Convention Against Torture because she did not raise it before the BIA and does not raise it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief." (quotation marks omitted)).

2022).    We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.   *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).    We review factual findings for substantial evidence and questions of law and application of law to fact de novo.    *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).    "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."    8 U.S.C. § 1252(b)(4)(B).

"The burden of proof is on the applicant [for asylum and withholding of removal] to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."    8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal).    An applicant must prove "a sufficiently strong nexus" between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).    "Whether the requisite nexus exists depends on the views and motives of the persecutor."    *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted).

3

With respect to the IJ's dispositive nexus determination, Lucero-Ortega's brief to the BIA consisted of three conclusory sentences. So we deny the petition because the BIA did not err in finding this dispositive ground for relief insufficiently argued and thus waived. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding, in the context of a claim the BIA found waived because it was not raised before the IJ, that "[w]here the agency properly applies its own waiver rule and refuses to consider the merits of an argument . . . we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review" (quotation marks omitted); *see also Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Lucero-Ortega asserts that the statements in her brief to the BIA were sufficient to challenge the IJ's nexus finding. But she advanced no legal or factual challenges in her brief to the BIA. As we have held with respect to briefing in this Court, "claims not adequately presented in an appellant's brief" are deemed abandoned, "and an appellant's failure to make legal or factual arguments

constitutes abandonment." *Debique*, 58 F.4th at 684 (quotation marks omitted). Lucero-Ortega's conclusory statements—that she was targeted because she owned a business and reported the drug dealer to the head of the school—were insufficient to challenge the IJ's nexus determination, as she did not cite the record or case law or explain how the IJ erred in finding that she was targeted based on a personal dispute that resulted from general crime conditions. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned and declining to address it where brief "devote[d] only a single conclusory sentence to the argument").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>