24-1153
Rodriguez-Novoa v. Bondi

BIA
McFarland, IJ
A208 543 369

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

DIGNA DEL CARMEN RODRIGUEZ-NOVOA,
> *Petitioner,*

v.                                                      24-1153
                                                        NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:** Brett A. Shumate, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Digna Del Carmen Rodriguez-Novoa, a native and citizen of El Salvador, seeks review of a March 20, 2024, decision of the BIA affirming a December 17, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Digna Del Carmen Rodriguez-Novoa*, No. A208 543 369 (B.I.A. Mar. 20, 2024), *aff'g* No. A208 543 369 (Immig. Ct. N.Y. City Dec. 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, Rodriguez-Novoa's petition for review is untimely because it was filed "later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1); *see also Castejon-Paz v. Bondi*, 143 F.4th 116, 118 (2d Cir. 2025) (recognizing that the "deadline is a 'claim-processing rule[]' . . . that can be subject to waiver or forfeiture" (quoting *Riley v. Bondi*, 606 U.S. 259, 273–74 (2025)). We

need not reach the issue of whether equitable tolling applies because, even if the deadline were excused, the petition is without merit.

Our review is limited to the BIA's determination that Rodriguez-Novoa waived review of the IJ's dispositive findings that she failed to establish a nexus between the harm she suffered and fears and a protected ground (either an imputed political opinion or membership in a particular social group) and that she did not show that the Salvadoran government would acquiesce in her torture. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015). Rodriguez-Novoa has abandoned any challenges to the waiver determination by failing to challenge the grounds for the BIA's finding. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

First, Rodriguez-Novoa argues that the BIA's waiver finding as to asylum and withholding of removal was erroneous because she established past persecution, a political opinion, cognizable social groups, and her membership in those groups. This argument fails. Rodriguez-Novoa does not challenge the BIA's actual finding—that she waived any challenge to the IJ's dispositive determination that she failed to establish a *nexus* between (a) the harm she suffered

and fears and (b) her political opinion or membership in a particular social group.*
*See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("To succeed on a particular social group claim, the applicant must establish *both* that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of her membership in that group." (quotation marks and citation omitted; emphasis added)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (An asylum "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." (quotation marks omitted)).

Second, Rodriguez-Novoa argues that the agency failed to consider whether she established her eligibility for asylum by demonstrating a pattern or practice of persecution of similarly situated individuals. But she did not raise a pattern or practice claim before the agency, and thus it did not err in failing to consider such claim. We may not consider a pattern or practice claim in the first instance. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (providing that issue exhaustion is mandatory).

Finally, Rodriguez-Novoa argues that the BIA erred in finding that she

---

* Counsel is cautioned that future briefing deficiencies, such as abandonment of issues, may result in dismissal without consideration of the merits and in disciplinary proceedings.

waived CAT relief because she applied for that relief with asylum and withholding of removal on the same application form. That argument fails. Unlike asylum and withholding, CAT relief does not require a nexus to a protected ground; thus, her arguments on appeal to the BIA that she established a protected ground did not challenge the denial of CAT. *See* 8 C.F.R. § 1208.18(a)(1). And she did not challenge, before the BIA, the IJ's dispositive finding that, even if she faced likely torture, she failed to show that the Salvadoran government would direct or acquiesce in her torture. *Id.*; *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (explaining that a CAT claim consists of a "two-step inquiry" of whether torture is more likely than not *and* whether there is "sufficient state action").

For the foregoing reasons, the petition for review is DENIED. Petitioner's motions to excuse her late petition and for a stay of removal are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court