*Sagnay Sagnay v. Blanche*

BIA
Lazare-Raphael, IJ
A220 957 496/493/494/495/497

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of June, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

CARLOS SAGNAY SAGNAY, NARCISA GUAMAN ILLAPA, E.D.S.G., RICHARD STALYN SAGNAY GUAMAN, JAVIER ALEJANDRO SAGNAY GUAMAN,
> *Petitioners,*

v.                                                    23-7869
                                                      NAC

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.*\*

_____

FOR PETITIONERS:        Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Nelle Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Carlos Sagnay Sagnay and his wife and children, natives and citizens of Ecuador, seek review of an October 27, 2023 decision of the BIA affirming a December 13, 2022 decision of an Immigration Judge ("IJ") denying them asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Sagnay Sagnay, et al.*, Nos. A 220 957 496/493/494/495/497 (B.I.A. Oct. 27, 2023), *aff'g* Nos. A 220 957 496/493/494/495/497 (Immigr. Ct. N.Y.C. Dec. 13, 2022). We assume the parties' familiarity with the

---

\* The Clerk of Court is respectfully directed to amend the official case caption to conform to the caption above.

2

underlying facts and procedural history.

Where, as here, the BIA determined that Petitioners waived review of dispositive grounds for the IJ's decision, our review is limited to the BIA's decision. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (per curiam) (holding that, when the BIA finds an argument waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived"). Petitioners' brief does not mention or otherwise address the waiver finding. Accordingly, the petition is denied because Petitioners have abandoned review of the BIA's decision. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

A copy of this order will be forwarded to this Court's Grievance Panel for consideration of the following issues with the brief filed by counsel Michael Borja. As set forth above, the brief fails to address the BIA's dispositive waiver determination. Relatedly, the brief does not cite evidence to support factual assertions or provide legal arguments regarding the reasons that either the BIA or the IJ gave for denying relief. *See* Fed. R. App. P. 28(a)(8)(A) (requiring an

3

appellant's brief to contain arguments "with citations to the authorities and parts of the record on which the appellant relies").

The brief also raises an argument—that the nexus requirement for withholding of removal is less stringent than that for asylum—that we have rejected, *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022), including in counsel's prior cases. *See, e.g.*, *Guarchaj-Guachiac v. Blanche*, No. 24-128, 2026 WL 1210065, at *2 (2d Cir. May 1, 2026) (summary order); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order).

Finally, counsel erroneously argues that, to state a CAT claim, Petitioners had to establish only that the Ecuadorian government was unwilling or unable to assist them, not—as the agency required—that the government would acquiesce to Petitioners' future torture. To the contrary, the CAT regulations require government involvement or acquiescence. *See* 8 C.F.R. §§ 1208.18(a)(1) (defining torture as a specific type of severe harm "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity"), (a)(7) (defining "[a]cquiescence of a public official" as "requir[ing] that the public official, prior to the activity constituting torture, have awareness of such activity" and clarifying that "[s]uch

4

awareness requires a finding of either actual knowledge or willful blindness"). We have previously rejected this argument in multiple appeals briefed by Mr. Borja. *See, e.g., Aucacama-Azogue*, 2025 WL 2078445, at \*3; *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at \*2 (2d Cir. Nov. 6, 2024) (summary order). The case Mr. Borja relies on, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020), does not address standards for CAT claims.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Petitioners may consider moving the BIA to reopen removal proceedings based on Mr. Borja's ineffective assistance of counsel. We express no opinion as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford [a non-citizen] additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar."). Nor do we express any opinion as to whether, if the BIA reopens proceedings, Petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT.

Parties seeking equitable tolling, meaning additional time beyond the 90-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *See Rashid*, 533 F.3d at 130–31.